IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANA MEY, individually and on behalf of all others similarly situated, | NO. |
| Plaintiff, | |
| v. | JURY TRIAL DEMAND |
| FRANKLIN FIRST FINANCIAL, LTD. | |
| Defendant. | |

## CLASS ACTION COMPLAINT

**Preliminary Statement**

1. Plaintiff Diana Mey ("Plaintiff"), brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by" the Federal Communications Commission ("FCC").[1]

3. The TCPA is designed to protect consumer privacy by prohibiting unsolicited, autodialed telemarketing calls to cellular telephones, unless the caller has the "prior express written consent" of the called party.

4. Plaintiff alleges that Franklin First Financial, Ltd. ("Franklin First") made automated telemarketing calls to her using equipment prohibited by the TCPA, despite the fact that Franklin First had no business relationship with her, and that her number was on the

---

[1] *Omnibus TCPA Order*, GC Docket 02-278, FCC 15-72, 2015 WL 4387780, ¶1 (July 10, 2015).

National Do Not Call Registry.

5. Because the call to Plaintiff was transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing call.

6. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7. Plaintiff Diana Mey is an individual resident of West Virginia.

8. Defendant Franklin First is a New York corporation headquartered in Melville, NY, in this District.

## Jurisdiction & Venue

9. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2). The matter in controversy exceeds $5,000,000.00, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiff alleges a national class, which will likely result in at least one Class member from a different state.

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States.

11. This Court has personal jurisdiction over Defendant because they operate, conduct, engage in, and/or carry on, business activities in this District and a substantial part of the wrongful acts alleged in this Complaint were committed in New York.

12. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

## TCPA Background

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The National Do Not Call Registry</u>

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

16. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

17. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

18. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

19. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**Factual Allegations**

20. Franklin First is a company that provides funding sources for reverse mortgages. However, to generate sales, Franklin First has relied on illegal telemarketing.

21. Franklin First's telemarketing efforts include the use of automated dialing equipment to send automated calls.

22. On June 7, 2017, the Plaintiff received a telemarketing call on her telephone

4

assigned to a cellular service, (304) 242-XXXX.

23. This telephone number had been registered on the National Do Not Call Registry for at least 31 days prior to the call.

24. The telemarketing call began with a distinctive click and pause after the Plaintiff answered.

25. In fact, while waiting for a human being to arrive on the line, the Plaintiff said "hello" into her telephone with no response.

26. Furthermore, when a human being finally appeared on the other end of the telephone, they asked to "speak to the owner of the house," as opposed to any individual by name. This generic and scripted pitch indicates a calling campaign done *en masse* with automated equipment.

27. These facts, as well as the geographic distance between the Plaintiff and the Defendant and the fact that this call was part of a nationwide telemarketing campaign, demonstrate that the call was made using an automatic telephone dialing system ("ATDS" or "autodialer") as that term is defined in 47 U.S.C. § 227(a)(1).

28. When a human being arrived on the phone line, Plaintiff received a scripted sales pitch about receiving a reverse mortgage, which included asking Plaintiff for her residential address and other personal information.

29. The call was then transferred to another "officer" at the company, Steven Kule, who attempted again to sell Plaintiff Franklin First services.

30. Prior to the unsolicited call, Plaintiff had never done any business with Franklin First, and Plaintiff never gave Franklin First her cellular telephone number.

31. Franklin First did not have Plaintiff's prior express written consent to make this

5

call.

32.  In fact, before filing this lawsuit, Plaintiff wrote to Franklin First asking whether they had her prior express written consent to make the call, but Franklin First did not provide any evidence of consent or respond to her inquiry.

33.  Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls, and their privacy was improperly invaded.

34.  Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

## Class Action Allegations

35.  As authorized by Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

36.  The class of persons Plaintiff proposes to represent includes:

> All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf made one or more non-emergency telephone calls; (b) promoting Defendant's products or services; (c) to their cellular telephone number; (d) using an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of the filing of this Complaint to trial (the "Class").

37.  Excluded from the Class are Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

38.  The proposed Class members are identifiable through phone records and phone number databases.

39.  The automated technology used to contact Plaintiff is capable of contacting

6

hundreds of thousands of people a day, and so the potential Class members number in the thousands, at least. Individual joinder of these persons is impracticable.

40. Plaintiff is a member of the proposed Class.

41. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   a. Whether Franklin First used an automatic telephone dialing system to make the calls at issue;

   b. Whether Franklin First placed telemarketing calls without obtaining the recipients' valid prior express written consent;

   c. Whether Franklin First's violations of the TCPA were negligent, willful, or knowing; and

   d. Whether Plaintiff and the Class members are entitled to statutory damages because of Franklin First's actions.

42. Plaintiff's claims are based on the same facts and legal theories as the claims of all Class members, and therefore are typical of the claims of Class members, as the Plaintiff and Class members all received telephone calls through the same or similar dialing system on a cellular telephone line.

43. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions. In fact, Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

44. The actions of Franklin First are generally applicable to the Class and to Plaintiff.

45. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Franklin First and/or its agents.

46. The likelihood that individual Class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

47. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for Class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(b)

48. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

49. The foregoing acts and omissions of Franklin First and/or its affiliates, agents, and/or other persons or entities acting on Franklin First's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS.

50. As a result of Franklin First's and/or its affiliates, agents, and/or other persons or entities acting on Franklin First's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or

prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Franklin First and/or its affiliates, agents, and/or other persons or entities acting on Franklin First's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

52. Defendant's violations were negligent, willful, or knowing.

### Relief Sought

For herself and all class members, Plaintiff requests the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Franklin First and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Franklin First and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Plaintiff,
By Counsel,

Dated: August 3, 2017			By:	  */s/ Kim E. Richman*
						Kim E. Richman (Bar No. 629960)
						Email: krichman@richmanlawgroup.com
						RICHMAN LAW GROUP
						81 Prospect Street
						Brooklyn, New York 11201
						Telephone: (212) 687-8291
						Facsimile: (212) 687-8292

						Anthony Paronich
						Email:  anthony@broderick-law.com
						BRODERICK & PARONICH, P.C.
						99 High Street, Suite 304
						Boston, Massachusetts  02110
						Telephone: (508) 221-1510
						*Subject to Pro Hac Vice*