FILED
CLERK

JGK 12/13/2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
..............................
Diana Mey,                    .
                              .   Docket #CV-17-4575 (LDW)(AYS)
        Plaintiff,            .
                              .
                              .   United States Courthouse
            V.                .   Central Islip, New York
                              .   November 13, 2017
Franklin First                .   11:34 a.m.
Financial, Ltd.,              .
                              .
        Defendant.            .
..............................
```

TRANSCRIPT OF INITIAL CONFERENCE
BEFORE THE HONORABLE ANNE Y. SHIELDS
UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For The Plaintiff:           Kim Richman, Esq.
                             The Richman Law Group
                             81 Prospect Street
                             Brooklyn, NY 11201

For The Defendant:           Keith Williams, Esq.
                             Neil H. Greenberg
                             & Associates, PC
                             4242 Merrick Road
                             Massapequa, NY 11758

Audio Operator:

Transcribing Firm:           Writer's Cramp, Inc.
                             63 Dakota Drive
                             Hamilton, NJ 08619
                             609-588-8043

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

2

1    THE CLERK:  Calling 17-CV-4575, <u>May vs. Franklin
2 First Financial, Ltd</u>.  Please state your appearances for the
3 record.
4    MR. RICHMAN:  Kim Richman for the plaintiff.  Good
5 morning, Your Honor, and my apologies for running late with
6 this weather.
7    THE COURT:  It's bad out there?
8    MR. RICHMAN:  Still.
9    THE COURT:  Okay.  Well, glad you're here.
10 Apologize to him, not to me.  I'm here anyway.
11    MR. RICHMAN:  I did profusely already.
12    THE COURT:  Okay.
13    MR. WILLIAMS:  Good morning, Your Honor.  Keith
14 Williams, Neil H. Greenberg and Associates, attorneys for
15 defendant, Franklin First Financial.
16    THE COURT:  Good morning.
17    MR. WILLIAMS:  Good morning.
18    THE COURT:  So, let me ask the plaintiff.  Tell me
19 about this case.
20    MR. RICHMAN:  Your --
21    THE COURT:  And you can stay seated.  Just speak
22 into the mic.
23    MR. RICHMAN:  Your Honor, in some respects it's your
24 garden variety TCPA case.  We pride ourselves on efficiently
25 litigating these types of matters.  I am, in fact, acting as

1   local counsel.  My colleagues are experts in this arena.  The
2   order -- rather, the 26(f) type form that we filled out, I
3   think helped facilitate the efficient litigation of this case.
4   There have been already numerous discussions back and forth
5   with defense counsel in trying to ascertain the information
6   that I think will determine the trajectory of this matter.
7   We --
8           THE COURT:  So, do you think that a lot of the
9   information you're talking about can be exchanged voluntarily?
10          MR. RICHMAN:  That is our hope.  Whether --
11          THE COURT:  That's my hope too.
12          MR. RICHMAN:  Yes.  And particularly third parties
13  -- if there are third parties involved, and then, of course,
14  the scope of the potential class here.
15          THE COURT:  Right.  Let me as the defendant, have
16  you been involved in any of this -- these kinds of litigations
17  before?
18          MR. WILLIAMS:  With TCPA in particular?
19          THE COURT:  Yes.
20          MR. WILLIAMS:  This is my first.
21          THE COURT:  Okay.  Well, welcome.
22          MR. WILLIAMS:  Thank you.
23          THE COURT:  All right.  So, it's the kind of thing
24  -- I'm sure the plaintiff knows a lot about how to do
25  discovery.  Are there any issues as to the type of system that

4

```
1    was used?  There was any discovery that the plaintiff needs on
2    that?
3              MR. WILLIAMS:  There are several issues.
4              THE COURT:  Okay.
5              MR. WILLIAMS:  The first major issue is under the
6    TCPA -- and I'm sure you know this -- it -- there needs to be
7    an automated dialing system for an artificial or prerecorded
8    voice.  None of those things existed here.  All of the calls
9    made are manually dialed by a person who is on the line when
10   the receiver picks up the phone.
11             THE COURT:  So, is it -- is that a threshold issue
12   that you'd want to figure out among the two of you?  May I
13   ask --
14             MR. WILLIAMS:  I think it has to be before we get
15   into any kind of extensive discovery.
16             THE COURT:  Or a settlement.
17             MR. WILLIAMS:  Or a settlement.  We have made a Rule
18   68 offer of judgement this morning.
19             THE COURT:  Okay.  How much is that?
20             MR. WILLIAMS:  $2,000.
21             THE COURT:  For one plaintiff?
22             MR. WILLIAMS:  For the named plaintiff.  There are
23   no -- there will be no other --
24             THE COURT:  Well, there won't be a class according
25   to you.
```

```
 1              MR. WILLIAMS:  There won't be a class.
 2              THE COURT:  Right.
 3              MR. WILLIAMS:  Not only was this a manual dialing
 4    system, she's not on any list.  This was a referral from
 5    somebody who knows her, that provided her information.
 6              THE COURT:  She didn't provide her -- the
 7    information.  You're saying you got the name --
 8              MR. WILLIAMS:  She was referred from one of her --
 9              THE COURT:  -- from someone else?
10              MR. WILLIAMS:  -- from one of her own associates.
11              THE COURT:  Let me ask the plaintiff.  If it is, in
12    fact, a manual dialing system, does that end the case?
13              MR. RICHMAN:  It would be our position that it is
14    not a dispositive issue that --
15              THE COURT:  Why not?
16              MR. RICHMAN:  The system may initially be manual,
17    but then it's voice activated, and at which point I would
18    imagine then a live person would be on the line.  And so, our
19    understanding is that she, number one, is on the do not call
20    list.  The idea that was referred by a colleague is somewhat
21    confusing to me and I think that that perhaps needs some
22    further clarification, but nevertheless if it is an issue that
23    they deem to be dispositive, we're happy to brief it.  They
24    did, indeed, answer.  They did not move to dismiss.
25              THE COURT:  Let's not brief it, let's look at what
```

                                                                  6

 1   documents we each have, okay?  So, as part of our initial
 2   disclosure let me have the defendant produce to the plaintiff
 3   any documents that you have, or witnesses that you know of,
 4   who support the notion that the plaintiff was not on the do
 5   not call list, or was referred to you by someone and identify
 6   who that person or agency is, so the plaintiff could take a
 7   look at it.  The plaintiff, for your part, if you've got any
 8   documents showing that your client was on the do not call
 9   list, produce that to defendant.  I don't know if you've had
10   documents but you might have -- maybe an easy way is to have
11   your client fill out an affidavit as to her status on the do
12   not call list.  Let's get that done as part of initial
13   disclosure.  So, that sort of -- we get whatever discovery we
14   have on that.  The other thing I want you to handle in terms
15   of your first tier of discovery, is the issue of what this
16   system is, right?  To determine, I mean -- let me ask the
17   plaintiff.  Are there systems that are not within the statute?
18   Do such things exist?
19           MR. RICHMAN:  Your Honor, I frankly would have to
20   research that further.  We have nevertheless dealt with
21   vicarious liability issues.  If they're saying that this is
22   some third party that they have no control over, we have been
23   successful in addressing that issue.
24           THE COURT:  I don't know that that's what they're
25   saying.  Is that what you're saying?  You're saying they were

```
 1   manually dialed?  By who?  By somebody at your company?
 2            MR. WILLIAMS:  They use a third party to initiate
 3   the calls, and then if the person who received the call was
 4   interested they would be transferred to a -- excuse me -- they
 5   would be transferred to a loan officer.
 6            THE COURT:  All right.  So, it's important for you
 7   to identify to the plaintiff who this third party is.  Is it
 8   some company that they contract with?
 9            MR. WILLIAMS:  It is.
10            THE COURT:  To make -- okay.  So, you're going to
11   have to identify the -- what company -- this company is.
12   Also, produce to the plaintiff any contracts that you have
13   with that company so they know who they're dealing with.
14   Also, any documents you have indicating what kind -- what type
15   of a telephone system it is.  So, if there's, you know, a
16   brochure, like, maybe your client went to this third company
17   because this third company solicited them, provided
18   advertising materials.  Anything you have about the
19   relationship between your client and this third party, produce
20   to the plaintiff.  And anything that you have in your
21   possession or, you know, within your control about how the
22   system is worked, even if it's identifying what system the
23   third party uses, give that over to the plaintiff as well.
24   All right?
25            MR. WILLIAMS:  Yes, Your Honor.
```

8

```
 1            THE COURT:  And then if the plaintiff needs to
 2   subpoena any information from that third party, at least he'll
 3   identification information on that.  Okay?
 4            MR. WILLIAMS:  Yes, Your Honor.
 5            THE COURT:  Let me ask the plaintiff.  Is there
 6   anything else you would want from the defendant as part of a
 7   first round of discovery?  And we're talking about things that
 8   I can put on the record that you can provide to each other
 9   without having to do formal requests.
10            MR. RICHMAN:  Your Honor, you've covered most of the
11   categories of documents that we have, in fact, already
12   requested.
13            THE COURT:  So, did you serve requests already?
14            MR. RICHMAN:  We did not serve formal requests.
15            THE COURT:  Okay.
16            MR. RICHMAN:  We vis-a-vis e-mail --
17            THE COURT:  Okay.
18            MR. RICHMAN:  -- and identified broad categories,
19   and you have covered the majority of those categories, with
20   the exception of perhaps any preservation efforts taken by
21   third parties, in terms of call lists, et cetera.
22            THE COURT:  Any -- what kind of efforts?
23            MR. RICHMAN:  Preservation issues are of concern to
24   us, that if they're claiming that they don't have, perhaps,
25   direct control, we want to make sure that the third parties
```

9

1    are properly preserving any and all information.
2            THE COURT:  Well, that would be directed to the
3    third party not to this defendant, right?
4            MR. RICHMAN:  Right.
5            THE COURT:  So, this defendant has preservation
6    obligations of their own that I'm sure they know about, but I
7    don't know that they have control over this third party who's
8    not a defendant here.
9            MR. RICHMAN:  This is true.  We would hope,
10   nonetheless, that if they are contracting this third party
11   that they are informing them that there is a pending lawsuit
12   and they should preserve all documents.
13           THE COURT:  I think it's fair enough to inform them
14   of a pending lawsuit.  I mean, let me ask the plaintiff.  Is
15   it typical for you to bring them in as defendants?
16           MR. RICHMAN:  Perhaps, if necessary.
17           THE COURT:  All right.  Well, that's up to you,
18   right?  All right.  What about the defendant?  Anything you
19   would want from the plaintiff?
20           MR. WILLIAMS:  At this time, I think it would just
21   be documents related to her potentially being on the do not
22   call list.  I can't think of anything I would need at this
23   early stage.
24           THE COURT:  Okay.  So, did you put -- I did not see
25   on the docket, did you put a proposed schedule on the docket

10

```
 1   in this case?
 2              MR. WILLIAMS:  I did.
 3              THE COURT:  Can somebody hand it up to me?  I'll
 4   take a quick look if you have it.
 5        (Pause in proceedings)
 6              THE COURT:  All right.  So, I'm looking at this now
 7   and I see that you do have December 13th to finish the
 8   discovery we talked about.  Is that going to be sufficient, do
 9   you think, to produce everything we've discussed here?  I just
10   want to know if it's a realistic date --
11              MR. WILLIAMS:  One month --
12              THE COURT:  -- and you're doing the most of it, so
13   you tell me.
14              MR. WILLIAMS:  I think one month would be fine
15   and --
16              THE COURT:  You think you're all right with that?
17              MR. WILLIAMS:  -- if we need, you know, an extra
18   week or week, I'm hoping counsel will provide us that
19   courtesy.
20              THE COURT:  All right.
21              MR. RICHMAN:  Of course.
22              THE COURT:  So, I'm -- and that won't be a problem
23   and I would certainly agree with that, okay?  And then we have
24   a status conference for January 3rd.  Let me just check my
25   calendar and see if that's okay, because I would like to have
```

                                                                11

1   you back once you exchange these documents, take another look
2   at the case to see whether, you know, you're going to be
3   bringing in other parties.  So, January 3rd is a Wednesday,
4   we're good.  Let's do that at 10:30.  And when we come back
5   again we'll have a better look at the case, we'll see if we're
6   bringing in third parties, we'll see if it's something that we
7   think that perhaps can be -- look toward a settlement posture.
8   Okay?
9           MR. WILLIAMS:  Thank you.
10          THE COURT:  Or whatever depositions need to be
11  taken, it may be one on each side, right?  You know, the third
12  party, your principal, and the plaintiff, and then we'll see
13  where we go from there.  All right?
14          MR. RICHMAN:  Okay.  Thank you, Your Honor.
15          THE COURT:  Okay.  Anything else you want from me?
16          MR. WILLIAMS:  It was just there were some requests
17  that they had made for documents and I just want to make sure
18  I'm clear on those.
19          THE COURT:  Okay.
20          MR. WILLIAMS:  Documents identifying all leads and
21  records of all calls to obtain those leads, and we feel that
22  any kind of discovery on potential class members is, at this
23  point, premature and we won't be going into that.
24          THE COURT:  I think that that would be part of phase
25  two of discovery.

```
                                                               12

1              MR. WILLIAMS:  Okay.  Thank you.

2              THE COURT:  Okay?  Any other questions?

3              MR. RICHMAN:  Nothing further, Your Honor.

4              THE COURT:  Okay.  Very good.

5              MR. WILLIAMS:  Thank you, Your Honor.

6              THE COURT:  Thank you.

7         (Court adjourned)

8

9                          CERTIFICATION
10   I certify that the foregoing is a correct transcript from the
11   electronic sound recording of the proceedings in the above-
12   entitled matter.
13
14
15   [signature: Lewis Parham]                    12/11/17
16
17   _____         _____
18   Signature of Transcriber                   Date
```